UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>    v.<br><br>EMIEL KANDI,<br><br>                      Defendant. | CASE NO. 3:22-cv-05653-RJB<br><br>ORDER ON MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS |

       This matter comes before the Court on Defendant Emiel Kandi's Motion to Dismiss for Insufficient Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5). Dkt. 14. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

       In this case, the United States seeks to reduce to judgment outstanding federal tax liabilities against Mr. Kandi. Dkt. 1. After making several attempts to personally serve him at two separate residential addresses in Pierce County, Washington and at a restaurant, mailing copies of the summons and complaint to the residential addresses, emailing him with copies (to which he responded), and calling him, the United States moved to serve him by publication on November 14, 2022, because it could not personally serve him. Dkt. 5. The Court reviewed the

1  Unites States' efforts, and granted the motion. Dkt. 8. Notice of this lawsuit was published in
2  the Seattle Times six times from December 9, 2022 to January 12, 2023. Dkt. 10. On February
3  6, 2023, the United States moved for default. Dkt. 11. On February 7, 2023, Mr. Kandi, through
4  counsel, filed an Answer asserting, as a defense, insufficiency of service of process. Dkt. 12.
5  The motion for default was denied on February 9, 2023. Dkt. 13.

Mr. Kandi filed the instant motion to dismiss for insufficient service of process under F. R. Civ. P. ("Rule") 12(b)(5) arguing that the United States did not make a sufficient showing that service of process by publication was required. Dkt. 14. He also maintains that the United States used the wrong newspaper to effect service by publication. *Id.*

## I.     DISCUSSION

### A. STANDARD ON RULE 12(b)(5) MOTION TO DISMISS

A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)(*cleaned up*). Once service is challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff fails to carry their burden, the court may either dismiss the case or quash service of process and give the plaintiff an opportunity to re-serve the defendant. S*tevens v. Sec. Pac. Nat. Bank*, 538 F.2d 1387, 1388 (9th Cir. 1976); *Chan v. Society Expeditions, Inc*., 39 F. 3d 1398, 1404 (9th Cir. 1994)(holding that defects in service generally do not warrant dismissal unless the defendant can demonstrate actual prejudice). "Where it appears that effective service can be made and there is no unfair prejudice to the defendant, quashing service rather than dismissing the action, and leaving the plaintiff free to effect proper

1  service, is the appropriate course." *See Wick Towing, Inc. v. Northland*, 2016 WL 3461587, at
2  *2 (W.D. Wash. June 21, 2016).

3  **B.  SERVICE BY PUBLICATION**

4  Rule 4(e) governs service of process on individuals within the United States.  As is
5  relevant here, service may be by "following state law for serving a summons in an action brought
6  in courts of general jurisdiction in the state where the district court is located or where service is
7  made . . ." Rule 4(e)(1). In Washington, service by publication is permitted when a defendant
8  "keeps himself or herself concealed" within the state to avoid service of process.  RCW
9  4.28.100.  Under RCW 4.28.110, publication shall be in a newspaper of general circulation in the
10 county where the action is brought and pursuant to RCW 65.16.040, "a legal newspaper for the
11 publication of any . . . summons . . . required by law to be published, shall be a newspaper which
12 has been approved as a legal newspaper by order of the superior court of the county in which
13 such newspaper is published."  The Defendant contends, and the United States does not dispute,
14 that the Seattle Times newspaper is not on the Pierce County, Washington Superior Court
15 approval list for service by publication.  Service of process by publication is only sufficient in
16 Washington if the plaintiff strictly complies with the statute's procedural requirements.  *Painter*
17 *v. Olney*, 37 Wn.App. 424, 680 P.2d 1066 (1984).

18 In this case, the Court found grounds for service by publication and ordered such service
19 with a due date of February 3, 2023 (Dkt. 7). Defendant claims here that the attempted service by
20 publication was published in the wrong county, and that the showing supporting service by
21 publication was insufficient. The latter claim does not survive the records supporting the Court's
22 Order Granting United States' Motion to Extend Time for Service and Permission to Serve by
23 Publication on Defendant Emiel Kandi (Dkt. 7), and needs no further discussion.

24

**Discussion** – The real question presented here is whether the Court should dismiss the case, or more liberally construe the rules to allow Plaintiff to perfect service. The rule is that "failure to strictly comply with service requirements does not warrant dismissal if: (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Gossett*, 2020 WL 4569668, at *2 (quoting *Borzeka v. Heckler*, 739 F.2d 444 (9th Cir. 1984)).

Here Defendant Kandi had actual notice of the case, he will suffer no prejudice from the defect in service, there is a justifiable excuse for the service failure, and the Plaintiff will be severely prejudiced by a dismissal.

The Defendant's actual notice of the case is reflected in the Answer (and affirmative defense of failure of service) (Dkt. 12). On the date of that document, February 7, 2023, the Defendant had a lawyer who appeared in the case, and reasonably responded to the complaint.

In light of the difficulties of service in contacting Defendant, and lack of further convincing showing, there appears to be no evidence of prejudice due to failure of service.

In attempting to serve Defendant, his actual presence was unknown, and selection of service through the Seattle Times – the largest newspaper in the State of Washington with a general readership through the Puget Sound area was a reasonable—though apparently erroneous—choice.

Lastly, the Plaintiff would be severely prejudiced by dismissal. The Court here adopts the Plaintiff's explanation of that prejudice as found in its Response to the Motion (Dkt. 17 p 1, line 19 – p 11, line 9).

The Court considers Defendant's Motion to Dismiss for Insufficient Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) (Dkt. 14) to be a motion to quash service, but in any event Plaintiff's motion should <u>not</u> be granted, but should be **DENIED** without prejudice and the deadline for perfecting service of process under the Court's Order Granting United States' Motion to Extend Time for Service and Permission to Serve by Publication on Defendant Emiel Kandi (Dkt. 7) should be extended from February 3, 2023, to May 31, 2023.[1]

It is so **ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 11th day of April, 2023.

ROBERT J. BRYAN
United States District Judge

---

[1] The Court notes that trial in this case has been set for May 6, 2024, leaving ample time between perfection of service and trial to fairly allow time for pre-trial matters.

ORDER ON MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS - 5